# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00313-RGK (AGRx) | Date | January 17, 2020 |
|---|---|---|---|
| Title | *JEAN ESQUIBEL v. COSTCO WHOLESALE CORP.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On September 13. 2019, Jean Esquibel ("Plaintiff") filed a complaint against Costco Wholesale Corporation, Inc. ("Defendant") alleging common law claims for premises liability and negligence, based on injuries sustained in an accident at a Costco store.

On January 10, 2020, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In her complaint, Plaintiff seeks compensatory damages and actual damages. In support of its removal, Defendant merely lists the type of damages Plaintiff seeks, the type of physical injury Defendant believes Plaintiff suffered, then conclusorily states that a conservative estimate of damages sets the amount in controversy over the $75,000.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-00313-RGK (AGRx) | Date | January 17, 2020 |
|---|---|---|---|
| Title | *JEAN ESQUIBEL v. COSTCO WHOLESALE CORP.* | | |

    Defendant's notice merely speculates, without even an attempt to calculate damages. The Court is unable to find a plausible allegation that the amount in controversy has been met. Accordingly, the Court is not satisfied that Defendant has satisfied its burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

    In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                           :

Initials of Preparer